Ex Parte Bennett WEISE, Appellant.

No. 1425–00.

Court of Criminal Appeals of Texas.

Sept. 19, 2001.

Cynthia Russell Henley, Timothy Watts, Houston, for Appellant.

Roger Haseman, Asst. DA, Houston, for State.

## OPINION

KEASLER, J., delivered the opinion of the Court, which KELLER, P.J., and MEYERS, PRICE, WOMACK, HERVEY, and HOLCOMB, JJ., joined.

Bennett Weise filed an application for pretrial writ of habeas corpus, claiming that the illegal dumping statute as applied to him was unconstitutional because it failed to allege a culpable mental state. We granted review on our own motion to decide whether a pretrial writ of habeas corpus may issue on the ground that a penal statute is being unconstitutionally applied because of the allegations in the indictment or information. We conclude that it may not.

### Procedural and Factual History

Weise was charged by information with illegal dumping under § 365.012(a) of the Texas Health and Safety Code. Tracking the language of the statute, the information alleged that Weise

> heretofore on or about SEPTEMBER 30, 1997, did then and there unlawfully, transport litter and other solid waste, namely HOUSEHOLD TRASH, having an aggregate weight of more than fifteen pounds and less than 500 pounds, and a volume of more than thirteen gallons and less than 100 cubic feet, to a place that was not an approved solid waste site for disposal at the site.

Weise filed a motion to quash the information and a pretrial application for writ of habeas corpus on the single ground that

the illegal dumping statute was unconstitutional, as applied to Weise, because the information did not allege a culpable mental state. The trial judge denied the motion to quash and the writ application. Weise appealed the denial of the writ application. Subsequently, the First Court of Appeals reversed the trial court's order denying relief and dismissed the information.[1] Without addressing whether Weise's claim was cognizable on habeas, the appellate court found that a mental state of at least "recklessly" is required under the illegal dumping statute.[2]

The State filed a petition for discretionary review which we refused. We then granted review on our own motion and requested the parties to brief whether the writ of habeas corpus should issue before trial on the ground that, because of the allegations in the indictment or information, a penal statute is being unconstitutionally applied to Weise. This is the question we now address.

## Writ of Habeas Corpus

### *Background*

The writ of habeas corpus is an extraordinary writ.[3] Neither a trial court nor an appellate court should entertain an application for writ of habeas corpus when there is an adequate remedy by appeal.[4] Additionally, an applicant must be illegally restrained to be entitled to relief.[5] Weise was restrained of his liberty within the meaning of article 11.01 of the Texas Code of Criminal Procedure when he was charged with illegal dumping and released on bond to await trial.[6] The question that remains is whether he is permitted to bring his claim through a pretrial writ application.

In determining whether an issue is cognizable on habeas, we have considered a variety of factors. We have looked at whether the alleged defect would bring into question the trial court's power to proceed.[7] Along these same lines, we have found that a pretrial writ application is not appropriate when resolution of the question presented, even if resolved in favor of the applicant, would not result in immediate release.[8] We have held that an applicant may use pretrial writs to assert his or her constitutional protections with respect to double jeopardy[9] and bail.[10] We reasoned that these protections would be effectively undermined if these issues were

1. *Ex Parte Weise*, 23 S.W.3d 449 (Tex.App.Houston [1st Dist.] 2000, pet. ref'd).

2. *Id.*

3. *Ex parte Hopkins*, 610 S.W.2d 479, 480 (Tex. Crim.App.1980); *Ex parte Powell*, 558 S.W.2d 480, 481 (Tex.Crim.App.1977); *Ex parte Groves*, 571 S.W.2d 888, 890 (Tex.Crim.App. 1978).

4. *Id.*

5. *Ex parte Strother*, 395 S.W.2d 629, 630 (Tex. Crim.App.1965); *Ex parte Rios*, 385 S.W.2d 677, 678 (Tex.Crim.App.1965).

6. *See Ex parte Robinson*, 641 S.W.2d 552, 553 (Tex.Crim.App.1982).

7. *See Ex parte Trillo*, 540 S.W.2d 728, 733 (Tex.Crim.App.1976); *see also Ex parte Mangrum*, 564 S.W.2d 751, 752 (Tex.Crim.App. 1978); *Menefee v. State*, 561 S.W.2d 822, 830 (Tex.Crim.App.1977); *Ex parte Becker*, 459 S.W.2d 442, 443 (Tex.Crim.App.1970).

8. *Headrick v. State*, 988 S.W.2d 226, 228–29 (Tex.Crim.App.1999) (citing *Ex parte Ruby*, 403 S.W.2d 129, 130 (Tex.Crim.App.1966); *Ex parte Matthews*, 873 S.W.2d 40, 43 (Tex. Crim.App.1994)).

9. *Robinson*, 641 S.W.2d at 555.

10. *Ex parte Keller*, 595 S.W.2d 531, 532–33 (Tex.Crim.App.1980).

not cognizable.[11] Conversely, we have held that an applicant may not use a pretrial writ to assert his or her constitutional rights to a speedy trial,[12] challenge a denial of a pretrial motion to suppress,[13] or make a collateral estoppel claim that does not allege a double jeopardy violation.[14] These issues are better addressed by a post-conviction appeal. Pretrial habeas should be reserved for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review.[15]

### Weise's Claim

■■■■ Weise argues that we have permitted pretrial habeas challenges to the constitutionality of statutes under which a defendant is restrained of his liberty and, therefore, his claim is likewise cognizable. We have long held that when there is a valid statute or ordinance under which a prosecution may be brought, habeas corpus is generally not available before trial to test the sufficiency of the complaint, information, or indictment.[16] But we have recognized certain exceptions to this rule.

One exception is when the applicant alleges that the statute under which he or she is prosecuted is unconstitutional on its face; consequently, there is no valid statute and the charging instrument is void.[17] Another exception is when the pleading, on its face, shows that the offense charged is barred by limitations.[18] With both of these exceptions, the applicant is challenging the trial court's power to proceed.[19] But Weise's challenge is distinguishable. He does not allege that the illegal dumping statute is facially unconstitutional. Instead, during his pretrial habeas hearing, he argued:

> What I have raised is a constitutional as applied and not to the statute itself. As we're applying it, if we don't require a culpable mental state, it would be unconstitutional because of the Penal Code, as I said, has a presumption-an application of a culpable mental state. It's not that the statute itself is unconstitutional; it's that it's unconstitutional as applied in this case.

Weise is not claiming that the statute itself is unconstitutional. He is not claiming

11. *Martinez v. State*, 826 S.W.2d 620, 620 (Tex.Crim.App.1992) (citing *Danziger v. State*, 786 S.W.2d 723, 724 (Tex.Crim.App.1990) (per curiam)) (bail); *Robinson*, 641 S.W.2d at 555 (*double jeopardy*).

12. *Ex parte Delbert*, 582 S.W.2d 145, 146 (Tex.Crim.App.1979); *Ex parte Jones*, 449 S.W.2d 59, 60 (Tex.Crim.App.1970).

13. *Ex parte Conner*, 439 S.W.2d 350 (Tex. Crim.App.1969).

14. *Headrick*, 988 S.W.2d at 228.

15. *Matthews*, 873 S.W.2d at 44 (Campbell, J., dissenting).

16. *Mangrum*, 564 S.W.2d at 752; *Ex parte Ward*, 560 S.W.2d 660, 660–61 (Tex.Crim. App.1978); *Ex parte Dickerson*, 549 S.W.2d 202, 203 (Tex.Crim.App.1977); *Ex parte Delbert*, 582 S.W.2d 145 (Tex.Crim.App.1979).

17. *See Matthews*, 873 S.W.2d at 40; *Ex parte Boetscher*, 812 S.W.2d 600 (Tex.Crim.App. 1991); *Ex parte Crisp*, 661 S.W.2d 944 (Tex. Crim.App.1983); *Ex parte Meyer*, 172 Tex. Crim. 403, 357 S.W.2d 754 (Tex.Crim.App. 1962); *Ex parte George*, 152 Tex.Crim. 465, 215 S.W.2d 170 (Tex.Crim.App.1948); *Ex parte Halsted*, 147 Tex.Crim. 453, 182 S.W.2d 479 (Tex.Crim.App.1944); *Ex parte Jones*, 38 Tex.Crim. 482, 43 S.W. 513 (Tex.Crim.App. 1897); *Ex parte Brown*, 38 Tex.Crim. 295, 42 S.W. 554 (Tex.Crim.App.1897).

18. *Ex parte Tamez*, 38 S.W.3d 159, 161 (Tex. Crim.App.2001) (citing *Ex parte Dickerson*, 549 S.W.2d 202, 203 (Tex.Crim.App.1977)).

19. 43 GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE, CRIMINAL PRACTICE AND PROCEDURE § 47.82, at 243, § 47.85, at 246 (2d ed.2001); *See supra* notes 18 and 19.

that the trial court lacked the power to proceed. Rather, he is claiming that the statute *as applied via the information* is unconstitutional because it fails to allege a mens rea. This is, in reality simply an attack on the charging instrument.

■ We have held that the failure to allege a culpable mental state when one is required does not render the charging instrument void.[20] If a culpable mental state is required and the information fails to allege one, then the charging instrument is subject to a motion to quash.[21]

#### Conclusion

Weise has not claimed that the illegal dumping statute is unconstitutional on its face. Nor has Weise alleged any deficiencies in the information that we have recognized as cognizable on a pretrial writ for habeas corpus. We find that the issue of whether the illegal dumping statute requires a culpable mental state is not yet ripe for review. Appeal of the trial court's denial of the motion to quash provides Weise with an adequate remedy at law. We reverse the judgment of the court of appeals.

JOHNSON, J., concurred in the result.

---

**20.** *State v. Murk,* 815 S.W.2d 556, 558 (Tex. Crim.App.1991); *State v. Oliver,* 808 S.W.2d 492, 493–94 (Tex.Crim.App.1991); *Studer v. State,* 799 S.W.2d 263 (Tex.Crim.App.1990).

**21.** *Dinkins v. State,* 894 S.W.2d 330, 338 (Tex. Crim.App.1995).