Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
 ) No. 08-03-00184-CR
EX PARTE: PHYLLIS WOODALL                 )
                                                                             ) Appeal from
)
) 384th District Court
)
) of El Paso County, Texas
)
) (TC# 20030D00623)

O P I N I O N

            Phyllis Woodall appeals from an order denying habeas corpus relief. At issue is the facial
constitutionality of the municipal anti-smoking ordinance. We affirm.
FACTUAL SUMMARY
            In 2001, the City of El Paso adopted an ordinance which prohibits smoking in all enclosed
public places within the city, including food establishments, nightclubs, and bars. El Paso, Tex.,
Code § 9.50.030(7)(2001). It is unlawful for any person to smoke in any area where smoking is
prohibited. El Paso, Tex., Code § 9.50.130(B)(2001). It is also unlawful for any person who owns,
manages, operates or otherwise controls the use of any premises subject to regulation under this
chapter to fail to comply with all of its provisions. El Paso, Tex., Code § 9.50.130(A)(2001). A
person who is found guilty of violating the anti-smoking ordinance is subject to the following
punishment:
1. A fine not exceeding one hundred dollars for the first violation;
2. A fine not exceeding two hundred dollars for a second violation within a one year
period of the first violation;
 
3. A fine not exceeding five hundred dollars for an additional violation within a one
year period of the first violation.

El Paso, Tex., Code § 9.50.130(C)(1)-(3) (2001).
            The City of El Paso enacted the ordinance for three stated purposes: (1) to improve and
protect public health by eliminating smoking in public places and places of employment; (2) to
guarantee the right of nonsmokers to breathe smoke-free air; and, (3) to recognize that the need to
breathe smoke-free air shall have priority over the choice to smoke. El Paso, Tex., Code § 9.50.010
(2001). 
            Woodall is part-owner of the Naked Harem Nightclub in El Paso and the land on which it
is located. Prior to adoption of the City’s anti-smoking ordinance, Woodall had permitted both
employees and patrons to smoke in the restrooms


 of the nightclub. On January 21, 2003, Woodall
was smoking in the club when Officer Lance Lanahan of the El Paso Police Department approached
and asked her to extinguish the cigarette. When Woodall refused, Lanahan issued her a citation for
violating the ordinance by smoking in an enclosed public place.


 Lanahan did not observe anyone
else smoking a cigarette in the nightclub. Woodall signed a promise to appear before a municipal
court judge.
            Woodall subsequently filed an application for writ of habeas corpus in district court
challenging the constitutionality of the anti-smoking ordinance. The district court issued the writ,
but after conducting a hearing on the merits of Woodall’s arguments, denied the requested relief. 
HABEAS CORPUS
            The writ of habeas corpus is an extraordinary writ. Ex parte Weise, 55 S.W.3d 617, 619
(Tex.Crim.App. 2001). Neither a trial court nor an appellate court should entertain an application
for writ of habeas corpus when there is an adequate remedy by appeal. Id. Additionally, an applicant
must be illegally restrained to be entitled to relief. Id.; Gibson v. State, 921 S.W.2d 747, 753
(Tex.App.--El Paso 1996, writ denied). Woodall’s liberty is restrained by virtue of the citation
issued by Officer Lanahan for violation of the anti-smoking ordinance and her promise to appear in
municipal court made in connection with that citation. We now consider whether the issues raised
by Woodall in her habeas application are cognizable in a pretrial writ application.
Ex Post Facto and Retroactive Law Challenges
            In Issues One, Three, and Five, Woodall argues that the anti-smoking ordinance is
unconstitutional because it is an ex post facto or retroactive law. These arguments center around
Woodall’s contentions that she has for many years allowed smoking in her nightclub and any present
restriction is an ex post facto or retroactive law because it restricts her use of her private property.
This is plainly an “as applied” challenge to the constitutionality of the anti-smoking ordinance. It
is well established that a pretrial writ of habeas corpus may not be used to address an “as applied”
challenge because it is not ripe for review. See Ex parte Weise, 55 S.W.3d at 620-21; Ex parte
Cross, 69 S.W.3d 810, 815 (Tex.App.--El Paso 2002, no pet.). Instead, this type of challenge must
be litigated in the trial court and adjudicated on direct appeal. See Cross, 69 S.W.3d at 815. Issues
One, Three, and Five are dismissed for lack of subject matter jurisdiction. 
Inverse Condemnation
            In Issue Two, Woodall maintains that the anti-smoking ordinance violates Article 1, section
17 of the Texas Constitution


 because it is an inverse condemnation of a vested property right. The
elements of a takings claim under Article 1, section 17 are that: (1) the governmental unit
intentionally performed certain acts, (2) the acts resulted in a taking, damaging, or destruction of the
property; and (3) the taking was for public use. Loyd v. ECO Resources, Inc., 956 S.W.2d 110, 128
(Tex.App.--Houston [14th Dist.] 1997, no pet.); see General Services Commission v. Little-Tex
Insulation Co., Inc., 39 S.W.3d 591, 598 (Tex. 2001)(to establish takings claim, plaintiff must prove
that the state intentionally performed certain acts that resulted in “taking” of property for public use).
Woodall provides no argument or authority suggesting that this issue, which necessarily involves a
civil claim for damages to the owner’s private real property, is cognizable in the context of a criminal
habeas corpus proceeding. Issue Two is dismissed for lack of subject matter jurisdiction.
Exercise of Police Power
            Finally, in Issue Four, Woodall argues that the anti-smoking ordinance is not a valid exercise
of police power because it is arbitrary and unreasonable. Woodall also challenges the process by
which the governing body enacted the ordinance because it allegedly failed to consider alternative
measures. Because some aspects of Woodall’s argument can be construed as a challenge to the facial
validity of the ordinance, we will address the merits.



            A city ordinance is presumed to be valid. City of Brookside Village v. Comeau, 633 S.W.2d
790, 792 (Tex. 1982). The party attacking the ordinance bears an “extraordinary burden” to show
“that no conclusive or even controversial or issuable fact or condition existed” which would
authorize the municipality’s passage of the ordinance. Id. at 792-93. If reasonable minds may differ
as to whether a particular ordinance has a substantial relationship to the public health, safety, morals,
or general welfare, no clear abuse of discretion is shown and the ordinance must stand as a valid
exercise of the City’s police power. See Quick v. City of Austin, 7 S.W.3d 109, 117 (Tex. 1998). 
If the evidence reveals an issuable fact in this respect, the ordinance must stand. Id.
            Woodall asserts that the ordinance is arbitrary and unreasonable because it imposes the views
of non-smokers on the “freedom” of smokers to smoke in restaurants, bars, grocery stores, and other
privately-owned businesses. However, a city may enact reasonable regulations to promote the
health, safety, and general welfare of its people as a valid exercise of its police power. City of
College Station v. Turtle Rock Corporation, 680 S.W.2d 802, 805 (Tex. 1984). The regulation of
smoking is a valid use of a state or municipality’s police power. See Fagan v. Axelrod, 146 Misc.2d
286, 297, 550 N.Y.S.2d 552, 559 (N.Y. 1990)(analyzing constitutionality of state law which
restricted tobacco smoking in indoor areas open to the public). Woodall does not dispute that the
smoking restrictions, which are limited to enclosed public places, bears a substantial relationship to
the public health, safety, and general welfare. While no Texas appellate court has addressed this
issue, courts in other states have concluded that similar ordinances are a rational, legitimate means
of protecting the general health, safety, and welfare of the community. See e.g., Foundation for
Independent Living, Inc. v. Cabell-Huntington Board of Health, 591 S.E.2d 744, 759-60 (W.Va.
2003)(clean indoor air regulations that restricted smoking in enclosed public places were, despite
the exceptions, reasonable in relation to the public policy goal of a society free from tobacco use and
were not arbitrary or unreasonable in their application); City of Tucson v. Grezaffi, 200 Ariz. 130,
137, 23 P.3d 675, 682 (Ariz.Ct.App. 2001)(city ordinance that promoted public welfare by
prohibiting smoking in restaurants was a rational, legitimate means of safeguarding the general
health, safety, and welfare of the community). See also Fagan, 550 N.Y.S.2d at 559-60 (upholding
clean indoor air act against multiple challenges to its constitutionality, and holding that the act
represented accommodation between desire to limit exposure of non-smokers to smoke and relevant
economic and social considerations; “classification” into smokers and non-smokers was rationally
related to legislative objective and did not create or apply to a suspect class or affect a fundamental
right).
            Woodall further argues that other more reasonable measures, such as requiring property
owners to install special ventilation systems or to partition smoking areas from non-smoking areas,
could be used to protect people from the dangers of second-hand smoke, yet still accommodate those
who wish to smoke in enclosed public places. In an effort to show what alternative measures should
have been considered, Woodall has asked this Court to take judicial notice of the anti-smoking
ordinance enacted by the City of Austin. Among other things, the Austin ordinance allows business
owners to obtain unrestricted and restricted smoking permits; it allows smoking in certain facilities
if an enclosed non-smoking area is provided and the smoking area is mechanically ventilated to
prevent smoke from entering a non-smoking area, and no one under the age of 18 is admitted to the
smoking area. Woodall did not offer any evidence showing what alternative measures were or were
not considered by the governing body of the City of El Paso nor did she establish that the alternative
measures she promotes are more reasonable or viable than the one chosen by the City. For all we
know, the City may well have rejected similar measures based upon evidence presented to the
governing body. We will not conclude that the City of El Paso abused its discretion simply because
another municipality enacted a different ordinance. If nothing else, a comparison of the El Paso and
Austin ordinances demonstrates that reasonable minds may differ as to how best to protect the public
from the dangers of second-hand smoke. In the absence of any evidence demonstrating an abuse of
discretion, we conclude that the anti-smoking ordinance is a valid exercise of the City’s police
power. See Quick, 7 S.W.3d at 117. Issue Four is overruled. We affirm the order of the trial court
denying habeas corpus relief.
 
December 9, 2004                                                       
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 4
Barajas, C.J., Larsen, and McClure, JJ.

(Publish)