Opinion filed March 6, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed March 6,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00369-CR

                                                    __________

 

                         CHRISTOPHER ANDREW MILLER, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 91st District Court

 

                                                        Eastland
County, Texas

 

                                             Trial
Court Cause No. CR-05-20840

 



 

                                              M
E M O R A N D U M   O P I N I O N

 








This
is an appeal from the denial of an application for preconviction writ of habeas
corpus filed pursuant to Tex. Code Crim.
Proc. Ann. art. 11.08 (Vernon 2007).  Christopher Andrew Miller has been
charged with theft of over $200,000, a first degree felony.  Miller filed the
application for habeas relief based upon his contention that the Eastland
County District Attorney=s
Office is disqualified from prosecuting the theft case based upon a conflict of
interest.  In the application, Miller asserted that the district attorney while
in private practice had previously represented Miller in a number of matters,
including a civil matter related to the clips that are the subject of the
current criminal charges against Miller.  Miller claimed that the district
attorney learned facts and information of a confidential nature that could be
used in prosecuting Miller.  After a hearing, the trial court denied Miller=s application for writ of
habeas corpus.  Miller appeals.  We affirm.

Miller
presents one issue in which he contends that the trial court erred in refusing
to disqualify the district attorney and his office.  A district attorney Ashall represent the State
in all criminal cases . . . except in cases where he has been, before his
election, employed adversely.@
Tex. Code Crim. Proc. Ann. art.
2.01 (Vernon 2005).  Miller filed a motion to disqualify the district attorney=s office and subsequently
filed the application for writ of habeas corpus.  A trial court=s authority to order an
elected district attorney to disqualify himself is unclear.  State ex rel.
Young v. Sixth Jud. Dist. Ct. App. at Texarkana, 236 S.W.3d 207, 211 n.15
(Tex. Crim. App. 2007).  However, a district attorney=s representation of the State in a case
against a former client in violation of that client=s right to due process may result in a
reversal of the conviction.  State ex rel. Eidson v. Edwards, 793
S.W.2d 1, 7 (Tex. Crim. App. 1990); Ex parte Spain, 589 S.W.2d 132 (Tex.
Crim. App. 1979).  In this case, we do not decide whether the trial court erred
in denying the motion to disqualify or whether Miller=s due process rights will be violated.  Those
matters are not yet ripe for review.  See Young, 236 S.W.3d at 209-13[1];
see also Eidson, 793 S.W.2d at 4-6; Spain, 589 S.W.2d 132.  This
is an appeal from the denial of Miller=s
pretrial application for writ of habeas corpus; therefore, the only issue in
this appeal is the propriety of that denial.  








Habeas
corpus relief is an extraordinary remedy.  Ex parte Weise, 55 S.W.3d
617, 619 (Tex. Crim. App. 2001).  To be entitled to relief, the applicant must
be illegally restrained.  Id.  Generally, a claim is cognizable in a
pretrial writ of habeas corpus if, resolved in the applicant=s favor, it would deprive
the trial court of the power to proceed and result in the applicant=s immediate release.  Ex parte
Smith, 185 S.W.3d 887, 892 (Tex. Crim. App. 2006).  As stated in Weise,
Aa pretrial writ
application is not appropriate when resolution of the question presented, even
if resolved in favor of the applicant, would not result in immediate release.@  55 S.W.3d at 619.

In
this case, resolution in Miller=s
favor would not result in his immediate release.  Consequently, we must hold
that Miller=s claim of
prosecutorial disqualification is not cognizable in a pretrial writ of habeas
corpus.  The trial court properly denied Miller=s
pretrial application for writ of habeas corpus.

The
order of the trial court is affirmed. 

 

 

TERRY McCALL

JUSTICE

 

March 6, 2008

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists
of:  McCall, J., and Strange, J.

Wright, C.J.,
not participating.









[1]We note that the Court of Criminal Appeals determined
in Young that mandamus was not an appropriate remedy to disqualify the
prosecutor from prosecuting a former client even though the prosecutor had
represented that client in a prior DWI case and was using that prior DWI
conviction as an enhancement in a subsequent DWI case against that client.  236
S.W.3d 207.  The client asserted that, during the prior representation, the
prosecutor had learned such things as Ahow
many beers I drink a day.@  Id. at 209.