

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-1067-15

### Ex parte JAMES RICHARD "RICK" PERRY, Appellant

### ON APPELLANT'S AND STATE'S PETITIONS
### FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### TRAVIS COUNTY

ALCALA, J., filed a concurring opinion.

### CONCURRING OPINION

I join, in its entirety, the lead opinion by Presiding Judge Keller that renders a judgment in favor of James Richard "Rick" Perry, appellant. I write separately to explain why I believe that, with respect to the cognizability question in Count I, the approach taken by the lead opinion is the one that lower courts should follow in determining which claims are cognizable through pretrial habeas corpus. As the numerous opinions issued today demonstrate, our case law in this area is in need of clarification in light of the fair criticism that it has been "somewhat difficult to extract from the case law any general principles indicating what issues

are properly raised pretrial by means of the writ." George E. Dix and John M. Schmolesky, 43 TEX. CRIMINAL PRACTICE AND PROCEDURE, § 35.16 (3d ed. 2011); *see also id.* (opining that "case law concerning the cognizability of matters in pretrial habeas corpus is in need of development"). Given that our decisions in this area have been less than clear in providing a workable framework for determining the cognizability of matters in pretrial habeas corpus, the Court's splintered resolution of the cognizability question in this case does little to clarify matters. I nonetheless support the approach taken by the lead opinion and would urge this Court to adopt that approach going forward as the governing framework for analyzing pretrial cognizability questions.

In setting forth the pretrial-cognizability standard that should apply to this case, the lead opinion suggests that certain types of as-applied challenges are cognizable on pretrial habeas when "the rights underlying those claims would be effectively undermined if not vindicated before trial." More broadly, the lead opinion seeks to clarify that, in assessing whether an as-applied challenge is cognizable on pretrial habeas, courts should not engage in a subjective evaluation of whether review at that stage would be better or more efficient, but rather must conduct an objective legal inquiry into whether pretrial review is necessary in order to protect "the applicant's substantive rights," or, stated differently, whether "the nature of the constitutional right at issue entitles [the defendant] to raise [his] claims by pretrial habeas corpus." By indicating that it is the nature of the constitutional right at stake that drives the pretrial-cognizability inquiry, this principle-based approach adheres to the

underlying purpose of the writ of habeas corpus. *See Ex parte Kerr*, 64 S.W.3d 414, 419 (Tex. Crim. App. 2002) ("The purpose of a writ of habeas corpus is to obtain a speedy and effective adjudication of a person's right to liberation from illegal restraint.") (citing *Blackledge v. Allison*, 431 U.S. 63, 71 (1977) ("[T]he very purpose of the writ of habeas corpus [is] to safeguard a person's freedom from detention in violation of constitutional guarantees.")).

In general, I disagree with this Court's past inconsistent and unclear approach in resolving questions of pretrial habeas cognizability. This Court's precedent has employed a category-of-the-claim approach that has also included consideration of certain factors, but this approach has failed to provide a clear standard for pretrial cognizability. The category-of-the-claim approach appears to be based on the theory that pretrial cognizability should depend on whether a particular type of claim has historically been permitted for pretrial habeas review. The problem with this approach is that it has failed to provide guidance to lower courts with respect to novel claims for which this Court has never before addressed questions of pretrial cognizability. Furthermore, historically, this Court has been inconsistent in deciding whether to permit pretrial habeas relief for as-applied constitutional challenges. On the one hand, this Court has consistently held in the past fifteen years that as-applied constitutional challenges, as a group, were impermissible for pretrial habeas relief in *Ex parte Weise*,[1] *Ex parte Ellis*,[2]

---

[1] In *Ex parte Weise*, this Court held that as-applied challenges were not cognizable in a pretrial writ. *Ex Parte Weise*, 55 S.W.3d 617, 618 (Tex. Crim. App. 2001). In *Weise*, this Court considered "whether a pretrial writ of habeas corpus may issue on the ground that a penal statute is being unconstitutionally applied because of the allegations in the indictment or information," and the Court concluded that "it may not." *Id.* In rejecting Weise's as-applied constitutional claim as non-cognizable at a pretrial stage, this Court stated,

and *State ex rel. Lykos v. Fine.*[3]  On the other hand, this Court held in *Ex parte Boetscher* that

pretrial habeas relief was appropriate in an as-applied constitutional challenge.[4]  I conclude

> Weise has not claimed that the illegal dumping statute is unconstitutional on its face. Nor has Weise alleged any deficiencies in the information that we have recognized as cognizable on a pretrial writ for habeas corpus.  We find that the issue of whether the illegal dumping statute requires a culpable mental state is not yet ripe for review.

*Id.* at 621.

[2] *In Ex parte Ellis,* this Court held that as-applied challenges were not cognizable in a pretrial writ.  *Ex parte Ellis*, 309 S.W.3d 71, 79, 82 (Tex. Crim. App. 2010).  This Court explained that the applicants' pretrial habeas claim was disguised as a facial challenge and that it was instead an "as applied" challenge that was not cognizable on pretrial habeas.  *Id*. at 81.  This Court did not attempt to set forth a definitive general test for cognizability of pretrial habeas, but instead more narrowly described categories of cases that were not available for pretrial habeas review, such as cases testing the sufficiency of the charging instrument, those construing the meaning and application of the statute defining the offense charged, and those advancing an "as applied" challenge, but this Court further clarified that pretrial habeas could be used to bring a facial challenge to the constitutionality of the statute that defines the offense.  *Id*. at 79.  *Ellis*, therefore, appears to stand for the broad proposition that an "as applied" challenge is not cognizable on pretrial habeas.  *See id*.  *Ellis* definitively said, "Pretrial habeas can be used to bring a facial challenge to the constitutionality of the statute that defines the offense but may not be used to advance an 'as applied' challenge."  *Id*.

[3] In *State ex rel. Lykos v. Fine,* this Court held that as-applied challenges were not cognizable in a pretrial writ.  *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011).  This Court rejected a capital-murder defendant's as-applied challenge to the capital-sentencing statute, opining that an as-applied challenge must be "brought during or after a trial on the merits, for it is only then that the trial judge and reviewing courts have the particular facts and circumstances of the case needed to determine whether the statute or law has been applied in an unconstitutional manner."  *Id*.  The Court further observed that *"*there is no basis under Texas law to conduct a pretrial evidentiary hearing to determine the 'as applied' constitutionality of a state penal or criminal procedural statute." *Id*. at 919.

[4] In *Ex parte Boetscher*, 812 S.W.2d 600 (Tex. Crim. App. 1991), this Court held that an as-applied challenge was cognizable in a pretrial writ, and it granted relief. In that case, the Court considered a defendant's claim that his prosecution for felony non-support of his minor children violated equal protection, based on the statutory provision that elevated his offense to a felony based solely on the fact that he was a resident of another state.  *Id*. at 603.  Reaching the merits of Boetscher's claim, this Court held that the "equal protection clause of the Fourteenth Amendment prohibits the application of [the felony non-support provision] to appellant under this indictment."

that this inconsistency that, without any clear explanation of the Court's reasoning, appeared to arbitrarily permit some as-applied constitutional challenges while disallowing others has produced an unworkable standard for deciding habeas pretrial cognizability.[5]  Today, by deciding that relief may be granted on an as-applied constitutional challenge in apparent conflict with this Court's decisions in this area in the last fifteen years, this Court implicitly rejects the category-of-the-claim approach. I agree with this Court's implicit rejection of that approach.  On the other hand, because the Court fails to reach a consensus about the proper cognizability analysis in this case, it is unclear to me what the proper approach will be going forward.  In order to provide the lower courts with clearer guidance, I would expressly reject the category-of-the-claim approach because it injects immaterial or subjective considerations into what should be a case-by-case objective legal determination, and I would adopt the approach taken in the lead opinion that looks to the nature of the constitutional right at stake

---

*Id.* at 604.

[5] Aside from the twenty-five year old *Boetscher* case, *see id.*, which had permitted the as-applied constitutional challenge through a pretrial writ, all of the more recent precedent in the last fifteen years has uniformly held that as-applied constitutional challenges are not a proper matter for consideration in a pretrial writ application. Relying on this more recent precedent, the trial court and court of appeals below held that appellant's claim was not cognizable. *See Ex parte Perry*, 471 S.W.3d 63, 69 (Tex. App.—Austin 2015) ("[W]e reach the same conclusion that the district court did—under the Court of Criminal Appeals's binding precedents, Perry cannot bring his 'as applied' constitutional challenges through pretrial habeas corpus."); *see also id.* at 84 ("As the district court concluded, these precedents would appear to make 'crystal clear' that Perry's 'as-applied-to-the-indictment' claims are not cognizable in pretrial habeas."). Because they relied on this Court's more recent precedent, which they considered to be binding, I believe that it is inappropriate to criticize the analysis or the conclusion reached by the trial court or the court of appeals.  I conclude that the errors in this case resulted from this Court's failure to set forth a clear and workable standard for pretrial habeas cognizability.

and the particular facts presented.

In addition to consideration of the category of the claim, this Court historically has discussed various factors that were considered to be relevant to determining pretrial habeas cognizability, but this approach is also unclear, and I conclude that it has failed to set forth a workable standard that lower courts can follow. Although I agree that some of the considerations in the various *Weise* factors are appropriate for discerning whether the substantive right at issue may be decided through a pretrial writ, I conclude that some of the other considerations are clearly inappropriate, and, therefore, I would explicitly abrogate *Weise* by eliminating certain factors from the cognizability analysis. *See Weise*, 55 S.W.3d at 620. The *Weise* Court referred to several "factors" that it had previously found relevant to determining whether an issue was cognizable on pretrial habeas, including "whether the alleged defect would bring into question the trial court's power to proceed"; whether the resolution of the claim in the applicant's favor would result in his "immediate release"; and whether the rights at issue "would be effectively undermined" if the claim were not cognizable. *Id.* at 619-20. Although these factors are proper considerations, the Court also included other factors that, I conclude, are immaterial and appear to be inappropriately subjective or discretionary. Those factors include whether an issue might be "better addressed by a post-conviction appeal," or whether the conservation of judicial resources might counsel against pretrial review. *Id.* at 620. By suggesting that an as-applied constitutional challenge is cognizable based on the nature of the substantive right at issue, without considering all of

the remaining *Weise* factors, the approach taken by the lead opinion implies that *Weise* may be narrowed to a fewer number of more appropriate considerations, and, as I already discussed above, it effectively abandons the category-of-the-claim approach. For these reasons, I agree with that approach.

I conclude that, by basing its cognizability determination in this case on the nature of the constitutional right at stake without considering judicial economy, the lead opinion implicitly determines that judicial economy need not be considered when a defendant's substantive rights are at stake. I agree with this analysis. I, however, would go a step further by more broadly holding that judicial-economy considerations may never play a proper role in determining matters of pretrial cognizability. In *Weise*, this Court suggested that pretrial habeas should be reserved for "situations in which . . . the conservation of judicial resources would be better served by interlocutory review," or in which claims would be "better addressed by a post-conviction appeal," but I disagree. *See id.* at 620. An applicant's claim should either be deemed cognizable at a pretrial stage based on a substantive legal assessment that the right at issue compels review at that stage, or it should be deemed non-cognizable on the basis that the type of right at issue can be vindicated on direct appeal and, thus, the applicant has an adequate remedy by appeal that renders pretrial review unnecessary. Introducing judicial-economy considerations into the analysis presents the possibility that courts will make such determinations based on a subjective assessment of whether a particular claim is better suited to pretrial review, or whether it would be more efficient or easier for the

court to delay review until some later stage of the proceedings. But, as the lead opinion indicates, the primary consideration in determining questions of pretrial cognizability must be an objective assessment of whether a defendant's constitutional rights would be unduly infringed upon by the lack of pretrial review. In light of this fact, I cannot see how subjective considerations of judicial economy could ever properly influence a court's pretrial-cognizability analysis.

Along these same lines, I also disagree with *Weise*'s suggestion that courts might base a pretrial-cognizability analysis on consideration of whether an issue would be "better addressed by a post-conviction appeal." *Id*. That type of subjective inquiry is inappropriate for pretrial habeas cognizability. Instead, a court should focus on the other *Weise* factors that more appropriately examine whether an applicant's substantive constitutional rights compel a pretrial resolution.

Having determined that the category-of-the-claim approach and that certain *Weise* factors are inappropriate tools for deciding matters of pretrial cognizability, I agree with the lead opinion's continued application of the remaining *Weise* factors, although I would further clarify that these are not "factors" at all. Rather, there are certain principles that must underlie any decision to grant pretrial habeas relief, and it is these principles that must be the sole focus of any pretrial-cognizability determination. Here, as in double-jeopardy claims in general, the substantive right at issue "would be effectively undermined" if the claim were not cognizable at a pretrial stage. *Id.* at 619-20. In other types of claims, however, pretrial consideration of

a claim might be appropriate when "the alleged defect would bring into question the trial court's power to proceed." *See id*. And it is further possible that situations will arise that do not precisely fall within any of the existing *Weise* factors, but which nevertheless compel pretrial review in light of the purpose of habeas corpus. *See Blackledge*, 431 U.S. at 71. In any case, it is the underlying principles that should guide the analysis about whether pretrial habeas relief is appropriate, rather than the category of the claim or a consideration of exclusive factors that, as this case demonstrates, may not be relevant to the analysis in any way.

With these comments, I join the lead opinion.

Filed: February 24, 2016

Publish