**Order filed June 13, 2019**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-18-00216-CR

_____

## IN RE DENNIS JAY RUCKMAN

---

**Original Mandamus Proceeding**

---

## O R D E R

Relator filed a petition for writ of mandamus requesting that we order the trial court to abide by the terms of a plea bargain agreement and dismiss the proceedings and discharge Relator based on his successful completion of deferred adjudication supervision. We denied the requested relief because Relator failed to demonstrate that his right to pursue a remedy by way of writ of habeas corpus was inadequate. *See In re Ruckman*, No. 11-18-00216-CR, 2018 WL 4623806, at *1 (Tex. App.—Eastland Sept. 27, 2018, orig. proceeding) (mem. op., not designated for publication). Relator filed a motion for rehearing, asserting that, because his entitlement to relief is statutory and he is challenging neither the Order of Deferred Adjudication nor the conditions of probation that he has already completed, an

application for writ of habeas corpus under Article 11.072 of the Texas Code of Criminal procedure affords him no relief.

We recognize that a pretrial writ of habeas corpus is an extraordinary remedy. *See Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016). An applicant must be illegally restrained to be entitled to relief through habeas corpus. *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.01 (West 2015). Further, a claim is generally cognizable on habeas corpus only if, resolved in the applicant's favor, it would deprive the trial court of the power to proceed and result in the applicant's immediate release. *Ex parte Smith*, 185 S.W.3d 887, 892 (Tex. Crim. App. 2006). The use of the writ is "reserved 'for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review.'" *Ex parte Ingram*, 533 S.W.3d 887, 891–92 (Tex. Crim. App. 2017) (quoting *Ex parte Weise*, 55 S.W.3d at 620).

Relator's liberty is restrained under the order that deferred adjudication of guilt and placed him on community supervision. *See Ex parte McCullough*, 966 S.W.2d 529, 532 (Tex. Crim. App. 1998) (per curiam). Further, Relator's complaint, if resolved in his favor, would result in his immediate release from that restraint. *See Ex parte Smith*, 185 S.W.3d at 892. Accordingly, Relator may seek relief through writ of habeas corpus. *See Ex parte Spicuzza*, 903 S.W.3d 381, 384–85 (Tex. App.— Houston [1st Dist.] 1995, pet. ref'd) (considering defendant's appeal from denial of application for writ of habeas corpus challenging trial court's failure to honor plea bargain agreement to terminate term of deferred adjudication community supervision early).[1]

---

[1]*See also Ex parte Avant*, No. 14-08-01117-CV, 2009 WL 3131413, at *2 (Tex. App.—Houston [14th Dist.] Aug. 6, 2009, pet. ref'd) (per curiam) (mem. op., not designated for publication) (concluding trial court could have granted habeas relief as a type of specific performance to enforce plea agreement that State would not pursue aggravated assault charge in return for guilty plea to charge of disorderly conduct).

We deny Relator's motion for rehearing.

JIM R. WRIGHT

SENIOR CHIEF JUSTICE

June 13, 2019

Do not publish. *See* Tex. R. App. P. 47.2(b).

Panel consists of: Bailey, C.J.;
Gray, C.J., 10th Court of Appeals[2];
and Wright, S.C.J.[3]

Willson, J., and Stretcher, J., not participating.

---

[2]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.