**DISMISSED and Opinion Filed September 2, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00482-CR**

**EX PARTE TYRONE JAMAAL WILLIAMS**

**On Appeal from the 196th District Court**
**Hunt County, Texas**
**Trial Court Cause No. 31293**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Goldstein
Opinion by Justice Molberg

Tyrone Jamaal Williams appeals the trial court's order denying relief on his pretrial application for writ of habeas corpus. In a single issue, appellant contends article 37.071, section 2(a)(1) of the code of criminal procedure violates the First Amendment right to freedom of speech. Appellant has filed his brief. Rather than file its brief, the State has filed a Motion to Apply Rule 2 of the Texas Rules of Appellate Procedure to Expeditiously Resolve Appellant's Non-Cognizable Claim.

In its motion, the State seeks to forgo further briefing and have the Court dismiss appellant's appeal on the ground his issue is not cognizable as a pretrial habeas matter. Appellant has responded he does not object to the State not submitting a brief under rule 2, but he insists his issue is cognizable and requests the Court stay

approaching trial proceedings to consider the merits of this case. Appellant has informed the Court that general voir dire in his trial is scheduled to begin September 8, 2021 and individual voir dire begins September 13, 2021.[1]

Concluding appellant's issue is non-cognizable, we grant the State's motion and dismiss the appeal.

**APPLICATION OF RULE 2**

Rule 2 of the Texas Rules of Appellate Procedure provides:

> On a party's motion or on its own initiative an appellate court may—to expedite a decision or for other good cause—suspend a rule's operation in a particular case and order a different procedure; but a court must not construe this rule to suspend any provision in the Code of Criminal Procedure or to alter the time for perfecting an appeal in a civil case.

TEX. R. APP. P. 2.

Initially, we note that we need not necessarily resort to rule 2 to submit this case on the partial briefing already completed. Habeas appeals are governed by rule of appellate procedure 31. *See* TEX. R. APP. P. 31. Rule 31 gives the Court substantial flexibility to adjust briefing and submission to expedite review of habeas appeals. Under rule 31, the Court may consider a habeas appeal without briefing if it so desires. *See id*. at 31.1(b). The rule further provides that a habeas appeal "shall be submitted and heard at the earliest practicable time." *See id*. at 31.2(b). "The sole purpose of the appeal is to do substantial justice to the parties." *See id*. at 31.2.

---

[1] In its motion, the State reports individual voir dire begins on September 15, 2021.

According to the record, appellant was indicted on August 26, 2016 for capital murder and other offenses. Thus, this case has been pending for a considerable period of time. During the hearing on appellant's writ application, held on May 6, 2021, appellant's counsel represented to the trial court:

> I would let the Court know that I don't intend to seek to stay the proceedings in this case. I do believe that we are going to pursue it by way—to the appropriate appellate avenues but I think that all can be done with the current trial scheduling. I just wanted to, you know, let the Court know that.

We conclude under the circumstances presented, applying rule 31, and rule 2 to the extent necessary, that doing substantial justice to the parties requires the Court to consider the State's dispositive motion without further briefing from the parties and without disrupting the scheduled trial. Accordingly, we suspend further briefing and proceed to consider the State's motion.

## PRINCIPLES OF COGNIZABILITY

Whether a claim is cognizable through pretrial habeas proceedings is a threshold issue that we must address before considering the merits of the claim. *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010). Pretrial habeas, followed by an interlocutory appeal, is an extraordinary remedy reserved for situations in which interlocutory review best protects an accused's substantive rights or conserves judicial resources. *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016). Courts must use the remedy carefully to ensure that only appropriate matters receive pretrial appellate review. *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App.

–3–

2010). Pretrial habeas relief is available only in a limited number of circumstances where the accused is challenging (1) the State's right to hold or restrain the accused at all; (2) the manner of restraint, such as denial of bail or bail conditions; and (3) consideration of issues that would bar prosecution or conviction. *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005).

Except for matters of double jeopardy, "pretrial habeas is not appropriate when the question presented, even if resolved in the defendant's favor, would not result in immediate release." *Doster*, 303 S.W.3d at 724. An appellate court should not entertain a pretrial habeas writ application when the accused has an adequate remedy by appeal. *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001).

In his writ application and now in his appellate brief, appellant mounts a facial challenge to the constitutionality of article 37.071, section 2(a)(1). A facial challenge attacks the statute itself rather than contending it operates unconstitutionally in a particular application. *Peraza v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015). An accused may raise on pretrial habeas a facial challenge to "the statute defining the offense." *Ex parte Ingram*, 533 S.W.3d 887, 892 (Tex. Crim. App. 2017).

### THE STATUTE AND APPELLANT'S ISSUE

Article 37.071 provides procedures to be followed in the sentencing phase of capital cases. *See* TEX. CODE CRIM. PROC. art. 37.071. Appellant is challenging the last sentence of article 37.071, section 2(a)(1), which states: "The court, the attorney representing the state, the defendant, or the defendant's counsel may not inform a

juror or a prospective juror of the effect of a failure of a jury to agree on issues submitted under Subsection (c) or (e)."[2]

In his brief, appellant contends trial participants have a right to free speech in the court room and that right extends to informing jurors and potential jurors of the effect not reaching a unanimous decision on punishment issues may have on the case. Appellant characterizes section 2(a)(1) as a regulation of the content of speech subject to strict scrutiny. Appellant contends the statute cannot survive strict scrutiny because the law serves no compelling governmental interest.

Appellant argues trial judges have a duty to adequately explain the law to the jury, and counsel has a duty to zealously advocate for his client. Appellant contends counsel cannot render effective assistance if the statute hampers counsel's ability to conduct voir dire and make intelligent challenges without being able to question the jurors about the possibility of a non-unanimous sentencing verdict. Appellant contends the statute operates as a "gag rule," depriving the jurors of highly relevant information, leaving them misinformed about their role in the sentencing process, and potentially causing them to speculate incorrectly that a non-unanimous verdict

---

[2] Under subsection (b), the jury must determine "whether there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society;" and a second issue applicable to cases where the defendant may be found guilty as a party. Subsection (c) requires the jury to return a special verdict of "yes" or 'no" to each issue submitted under subsection (b) and places the burden of proof on each issue on the State. Subsection (e) sets out an additional issue regarding mitigating circumstances the jury must answer if it answers the subsection (b) issue or issues in the affirmative. *See* TEX. CODE CRIM. PROC. art. 37.071, §2 (b), (c), (e).

may lead to the necessity of another trial with attendant expense to the State and harm to the families of victims.

Appellant points to several other states that now allow the jury to know the effect of a non-unanimous verdict. Appellant concedes that the United States Supreme Court has rejected a similar constitutional challenge brought under the Eighth Amendment,[3] but he contends this is the first challenge brought under the First Amendment.

### ANALYSIS OF COGNIZABILITY

Appellant contends his constitutional claim is cognizable and better reviewed pretrial because it is a facial challenge to the statute and his substantive right to a constitutional voir dire would be better protected by interlocutory review. In its motion, the State contends appellant's constitutional challenge is not cognizable because it does not fall into the limited categories of claims that may be reviewed by pretrial habeas and it will not result in appellant's release even if he is successful. The State cites *Doster* in urging the Court to dismiss appellant's appeal because there is no cognizable issue for consideration.

In responding to the State's argument, appellant contends the rule in *Doster* and other cases stating claims not resulting in the defendant's immediate release are not cognizable should not be applied because of the paramount nature of free speech

---

[3] *See Jones v. U.S.*, 527 U.S. 373, 381 (1999) (holding Eighth Amendment does not require jury be instructed on what happens under federal death penalty statute if they fail to agree on sentencing).

–6–

claims and the unique nature of capital punishment. Without citing authority for the proposition, appellant contends his constitutional claims stand alone independently of any other case law decided under chapter 11 of the code of criminal procedure.

A defendant may bring a facial challenge to a statute that defines the offense charged. *See Ingram*, 533 S.W.3d at 892; *Ellis*, 309 S.W.3d at 79. The statute that defines appellant's charged offense is section 19.03 of the penal code which defines the offense of capital murder. *See* TEX. PENAL CODE § 19.03(a). Appellant would be able to bring a pretrial habeas application to challenge the facial constitutionality of section 19.03 because if his challenge was successful, it would result in his immediate release and conserve judicial resources. *See Ingram*, 533 S.W.3d at 892; *Perry*, 483 S.W.3d at 895; *Doster*, 303 S.W.3d at 724.

In this case, however, appellant is not seeking to challenge the statute defining his offense, but rather to challenge a procedural statute relevant only if he is convicted at trial. *See State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 909–10 (Tex. Crim. App. 2011) (stating defendant could not attack facial constitutionality of article 37.071 under Eighth and Fourteenth Amendments in pretrial motion because he had not been sentenced under the statute and thus any ruling would be declaratory judgment). If appellant's challenge is successful, he will still be tried for capital murder. The only modification to the pending trial will be some additional questions to prospective jurors during voir dire. Thus, because appellant will not be released if he wins, appellant's claims are not appropriate for consideration in pretrial habeas

proceedings. *See Ingram*, 533 S.W.3d at 892; *Perry*, 483 S.W.3d at 895; *Doster*, 303 S.W.3d at 724.

Appellant further contends counsel cannot fulfill his duties under *Wainwright v. Witt*[4] to inquire about each juror's view of the death penalty if he is not allowed to explain to the potential juror how Texas law works in the event the jury cannot come to a unanimous decision on the special sentencing issues. Appellant contends that if he succeeds, his trial will be different from other death penalty cases in both the trial and penalty phases. However, if, in fact, appellant is convicted and sentenced to death, he will have the opportunity to challenge the constitutionality of section 2(a)(1) on appeal. Because appellant has an adequate remedy on appeal, his claim is not cognizable on a pretrial habeas application. *See Weise*, 55 S.W.3d at 619.

Under the circumstances presented, we conclude appellant's claim that article 37.071, section 2(a)(1) of the code of criminal procedure abridges free speech and violates the First Amendment to the United States Constitution is not a cognizable claim for resolution in a pretrial application for writ of habeas corpus. *See Ingram*, 533 S.W.3d at 892. We grant the State's Motion to Apply Rule 2 of the Texas Rules

---

[4] *See Wainwright v. Witt*, 469 U.S. 412, 424 (1985) (prospective juror may be dismissed for cause because of their views on capital punishment when juror's views would prevent or substantially impair performance of juror duties in accordance with instructions and oath).

of Appellate Procedure to Expeditiously Resolve Appellant's Non-Cognizable Claim.

We dismiss the appeal without reaching the merits of appellant's claim, and we order the Clerk of the Court to release the mandate instanter.

/Ken Molberg//
KEN MOLBERG
JUSTICE

210482f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

EX PARTE TYRONE JAMAAL
WILLIAMS

No. 05-21-00482-CR

On Appeal from the 196th District
Court, Hunt County, Texas
Trial Court Cause No. 31293.
Opinion delivered by Justice
Molberg. Justices Nowell and
Goldstein participating.

Based on the Court's opinion of this date, the appeal from the trial court's order denying the writ of habeas corpus is **DISMISSED**.

Judgment entered this 2nd day of September, 2021.