

**IN THE
TENTH COURT OF APPEALS**

**No. 10-19-00362-CR**

**EX PARTE GLENDA HAMMONS**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2019-3806-02**

**O P I N I O N**

Glenda Hammons is charged under Section 22.04 (a) (2) with the offense of injury to a child. TEX. PENAL CODE ANN. § 22.04 (a) (2). Hammons filed an Application for Writ of Habeas Corpus arguing that Section 22.04 (a) (2) is unconstitutional on its face. Hammons appealed the trial court's order denying relief. On May 26, 2021, this Court issued an opinion upholding the trial court's ruling and concluded that § 22.04 (a) (2) was not unconstitutional on its face. Hammons filed a petition for discretionary review with the Court of Criminal Appeals. The Court of Criminal Appeals refused the petition for discretionary review without prejudice, but granted review on its own motion. The Court vacated the judgment of this Court and remanded the case to this Court to address the

cognizability of the issue raised by Hammons in the pretrial habeas application. We affirm.

Hammons was charged in a three-count indictment with injury to a child. TEX. PENAL CODE ANN. § 22.04. Section 22.04 provides:

> (a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly by omission, causes to a child, elderly individual, or disabled individual:
>     (1) serious bodily injury
>     (2) serious mental deficiency, impairment, or injury
>     (3) bodily injury.

TEX. PENAL CODE ANN. § 22.04 (West). In Counts 1 and 3 of the indictment, Hammons was charged under Section 22.04 (a) (2) with causing serious mental deficiency, impairment, or injury to the complainant. In Count 2, she was charged under Section 22.04 (a) (3) with causing bodily injury to the complainant. In her Pretrial Application for Writ of Habeas Corpus, Hammons only challenged the constitutionality of Section 22.04 (a) (2). Because Hammons does not challenge the constitutionality of Section 22.04 (a) (3), the Court of Criminal Appeals remanded the case to this Court to determine if her claim is cognizable.

On remand Hammons argues in her sole issue that her claim is cognizable under 22.04 (a) (2) because she makes a facial challenge to the statute, because she is restrained by being on bond pending trial, and because she would be "immediately released from the restraint of Counts One and Three, and the trial court would be deprived of the power to proceed on those counts if the claims raised are resolved in her favor."

In determining whether an issue is cognizable on habeas, we consider whether the alleged defect would bring into question the trial court's power to proceed. *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001). A pretrial writ application is not appropriate when resolution of the question presented, even if resolved in favor of the applicant, would not result in immediate release. *Id*. Hammons argues that "immediate release" with respect to the charge, and not the entirety of the prosecution is consistent with pretrial habeas jurisprudence. We disagree. Even if Section 22.04 (a) (2) was found to be facially unconstitutional, only Counts 1 and 3 would need to be struck. The prosecution could proceed on Count 2. Hammons would not be "immediately released" from the restraint of the charge in Count 2. Therefore, Hammons's claim that Section 22.04 (a) (2) is unconstitutional on its face is not cognizable in a pretrial writ of habeas corpus. We overrule the sole issue.

We affirm the trial court's Order denying the Pretrial Application for Writ of Habeas Corpus.

STEVE SMITH
Justice

Before Chief Justice Gray,
    Justice Smith, and
    Justice Wright[1]
Affirmed
Opinion delivered and filed May 25, 2022
Publish
[OT06]



---

[1] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.