# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00844-CR

---

**Ex parte Marc Stephen Jamison**

---

### FROM THE 466TH DISTRICT COURT OF COMAL COUNTY
### NO. CR2023-003E, THE HONORABLE STEPHANIE BASCON, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Marc Stephen Jamison has filed a notice of appeal from the trial court's denial of his application for writ of habeas corpus. *See* Tex. Code Crim. Proc. art. 11.08(1) (authorizing defendant charged with felony to apply for habeas relief "to the judge of the court in which the indictment or information charging the applicant is pending"). The clerk's record does not contain the required trial court certification of appellant's right of appeal. *See* Tex. R. App. P. 25.2(a), (d) (requiring record to include trial court's certification). The trial court clerk's office has informed this Court that it does not have a trial court certification in this case.

The Rules of Appellate Procedure require the trial court to "enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order." *See id.* R. 25.2(a)(2). An order denying a pretrial habeas application in which an applicant challenges the facial constitutionality of a criminal statute is appealable. *See Ex parte Lee*, 617 S.W.3d 154, 160 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd); *see also Ex parte Weise*,

55 S.W.3d 617, 620 (Tex. Crim. App. 2001) (facial constitutional challenge to statute under which defendant is prosecuted is cognizable in pretrial habeas).

Therefore, we abate the appeal and order the trial court to prepare and file its certification of appellant's right of appeal from the order denying his application for writ of habeas corpus. *See* Tex. R. App. P. 25.2(a)(2), 44.4. The trial court shall order a supplemental clerk's record containing the trial court's certification to be filed with this Court no later than December 12, 2025. *See id.* R. 25.2(d), 34.5(c)(12).

It is ordered on November 14, 2025.

Before Chief Justice Byrne, Justices Crump and Ellis

Abated and Remanded

Filed:   November 14, 2025

Do Not Publish