

# IN THE
## TENTH COURT OF APPEALS

### No. 10-13-00339-CR

## EX PARTE TIMOTHY MICHAEL BARNETT

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2013-2468-1**

## O P I N I O N

Timothy Michael Barnett appeals the trial court's denial of his pretrial application for writ of habeas corpus in which he requested the trial court to declare section 30.04(b)(2) of the Texas Penal Code unconstitutional. *See* TEX. PENAL CODE ANN. § 30.04(b)(2) (West 2011). Specifically, Barnett contended in his application that an amendment raising the base penalty range of the statute from a state jail felony to a third degree felony was unconstitutional. Because Barnett's pretrial habeas proceeding was not an appropriate avenue for raising his claim in the trial court, we dismiss his appeal.

A pretrial habeas, followed by an interlocutory appeal, is an "extraordinary remedy," and appellate courts should be careful to ensure that it is not "misused to secure pretrial appellate review of matters that in actual fact should not be put before appellate courts at the pretrial stage." *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010); *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010). Consequently, whether a claim is even cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved. *Ellis*, 309 S.W.3d at 79.

Generally, a claim is cognizable in a pretrial writ of habeas corpus if, resolved in the defendant's favor, it would deprive the trial court of the power to proceed and result in the appellant's immediate release. *Ex parte Smith*, 185 S.W.3d 887, 892 (Tex. Crim. App. 2006); *Weise v. State*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001). However, pretrial habeas is not available to test the sufficiency of the charging instrument or to construe the meaning and application of the statute defining the offense charged. An exception to this rule is when the applicant alleges that the statute under which he is prosecuted is unconstitutional on its face. *Ellis*, 309 S.W.3d at 79; *Weise*, 55 S.W.3d at 620. If the statute is unconstitutional on its face, the statute is not valid and, thus, the charging instrument is void. *Weise*, 55 S.W.3d at 620.

Relying on the Court of Criminal Appeals' opinion in *Weise*, *id*., Barnett contends that because he challenged the constitutionality of the statute "on its face," a pretrial writ of habeas corpus is the proper vehicle to use. On the facts of this case, we disagree.

Although Barnett contends he made a facial challenge to the constitutionality of the statute under which he is being prosecuted, we cannot determine that he did so. The instrument charging the offense is not a part of this record on appeal. When Barnett's application for writ of habeas corpus was filed in the trial court, it was given a new case number. A copy of the charging instrument was not transferred into the new trial court number. Although at the hearing it appeared the trial court had the criminal charge file in front of him because he was also being asked to reduce Barnett's bond, no one introduced the charging instrument or asked the judge to take judicial notice of it. Thus, it is not a part of the record of this appeal. Consequently, without the actual charging instrument showing the statute under which he is to be prosecuted, we cannot say that Barnett's challenge is cognizable as a pretrial writ of habeas corpus. *See Weise*, 55 S.W.3d at 620.

Further, even if we had the charging instrument, it does not appear that Barnett's claim is otherwise cognizable in a pretrial writ of habeas corpus because he does not request an immediate release from custody. *See Ex parte Smith*, 185 S.W.3d 887, 892 (Tex. Crim. App. 2006). Rather, he asks the trial court to hold that the proper base penalty range for the offense is a state jail felony rather than a third degree felony. Barnett seems to concede that even if the statute is found to be defective as argued, the trial court would, nevertheless, have the jurisdiction to proceed to trial on a felony charge with a different base punishment range. But even in the cases relied on by the

*Weise* court in discussing that a facial challenge to the constitutionality of a statute is cognizable in a pretrial writ of habeas corpus, the applicant had either requested a discharge from custody, or, in the cases in which it was unclear whether a discharge was requested, was actually discharged from custody by the reviewing court. *See Weise v. State*, 55 S.W.3d 617, 620 n. 17 (Tex. Crim. App. 2001).

Accordingly, we conclude that Barnett's pretrial habeas proceeding was not an appropriate avenue for raising his claim regarding the proper base penalty range for section 30.04(b)(2) of the Texas Penal Code, and this appeal is dismissed. *See Ex parte Doster*, 303 S.W.3d 720, 727 (Tex. Crim. App. 2010) (court of appeals opinion affirming trial court's denial of writ of habeas corpus vacated and appeal dismissed).


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Appeal dismissed
Opinion delivered and filed March 13, 2014
Publish
[OT06]