

# IN THE
## TENTH COURT OF APPEALS

_____

### No. 10-14-00073-CR

### EX PARTE CURTIS WAYNE HUDDLESTON,

_____

**From the 335th District Court**
**Burleson County, Texas**
**Trial Court No. 14,220**

## MEMORANDUM OPINION

Curtis Wayne Huddleston appeals from the trial court's order denying his pretrial application for writ of habeas corpus. We affirm.

In his sole issue, Huddleston argues that the "child pornography law is invalid under strict scrutiny because it outlaws expression outside the First Amendment free zone demarcated by the courts, destroys fundamental rights, and authorizes seriously discriminatory enforcement." Pretrial habeas, followed by an interlocutory appeal, is an "extraordinary remedy," and appellate courts should be careful to ensure that it is not "misused to secure pretrial appellate review of matters that in actual fact should not be put before appellate courts at the pretrial stage." *Ex parte Ellis*, 309 S.W.3d 71, 79

(Tex. Crim. App. 2010); *Ex Parte Barnett*, 424 S.W.3d 809, 810 (Tex.App.-Waco 2014, no pet.). Whether a claim is even cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved. *Ex parte Ellis*, 309 S.W.3d at 79; *Ex Parte Barnett*, 424 S.W.3d at 810.

Pretrial habeas is not available to test the sufficiency of the charging instrument or to construe the meaning and application of the statute defining the offense charged. *Ex parte Ellis*, 309 S.W.3d at 79. Pretrial habeas can be used to bring a facial challenge to the constitutionality of the statute that defines the offense but may not be used to advance an "as applied" challenge. *Id*.

Generally, a claim is cognizable in a pretrial writ of habeas corpus if, resolved in the defendant's favor, it would deprive the trial court of the power to proceed and result in the appellant's immediate release. *Ex parte Smith*, 185 S.W.3d 887, 892 (Tex. Crim. App. 2006); *Ex Parte Barnett*, 424 S.W.3d at 810. When an applicant contends that a criminal statute is facially unconstitutional, he is contending that there is no valid statute and that the charging instrument is therefore void. *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001).

Section 43.26 of the Texas Penal Code provides that:

(a) A person commits an offense if:

(1) the person knowingly or intentionally possesses, or knowingly or intentionally accesses with intent to view, visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct, including a child who engages in sexual conduct as a victim of an offense under Section 20A.02(a)(5), (6), (7), or (8); and

(2) the person knows that the material depicts the child as described by Subdivision (1).

TEX. PENAL CODE ANN. § 43.26 (a) (West Supp. 2013). Huddleston argues that the statute is facially unconstitutional, but such an assertion is not, by itself, enough. *See Ex parte Ellis*, 309 S.W.3d at 80. If a claim designated as a facial challenge is in fact an "as applied" challenge, this Court will not consider the merits of the claim. *Id*.

Huddleston asserts that the statute is constitutionally invalid because it criminalizes the mere receipt of information, it criminalizes a substantial amount of protected activity, and it authorizes seriously discriminatory enforcement. First, Huddleston presents situations in which a person innocently receives unsolicited visual material depicting a child younger than 18 years of age engaging in sexual conduct. Huddleston also complains that the statute does not provide a defense that is available to minors under a similar statute. Huddleston's various fact situations present an "as applied" challenge to the statute.

Next, Huddleston argues that the statute is overbroad because it criminalizes protected activity. Huddleston provides examples of conduct that are prohibited, but that are not related to preventing child abuse. Again Huddleston provides various factual situations based upon how the statute is applied. Finally, Huddleston argues that the statute authorizes discriminatory enforcement. Huddleston points out inconsistencies in the age requirement for this statute as compared to other statutes defining minors. Huddleston provides examples that a person would not have notice of when a 17 year old is considered an adult or a child. Huddleston again complains

that minors are provided a defense that is not available to adults. Huddleston's complaints again are based upon application of the statute. Because Huddleston's complaints all concern the statute "as applied," we cannot address the complaints in an interlocutory appeal from a pretrial writ of habeas corpus. We overrule the sole issue.

We affirm the trial court's order denying the pretrial writ of habeas corpus.


AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed September 18, 2014
[CR25]

