

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00210-CR

## EX PARTE AARON JAMES URBANSKI

**From the County Court at Law No. 1
Johnson County, Texas
Trial Court No. M201801920**

## MEMORANDUM OPINION

Aaron James Urbanski was charged under Texas Penal Code § 30.05 (a) with the offense of criminal trespass. TEX. PENAL CODE ANN. § 30.05 (a) (West 2019). Urbanski filed an application for writ of habeas corpus arguing that Section 30.005 (a) is unconstitutional on its face. Urbanski appeals the trial court's order denying relief. We affirm.

In his first issue, Urbanski argues that the trial court abused its discretion in denying his pretrial application for writ of habeas corpus because Article I Sections 6, 8, and 29 of the Texas Constitution provide more protections than its federal counterpart, and that, in light of the greater protection, Section 30.05 (a) of the Texas Penal Code is

facially unconstitutional because it is unduly vague, fails to establish determinate guidelines for law enforcement, and is not sufficiently definite to avoid chilling protected expression, speech, or worship. In the second issue, Urbanski contends that Section 30.05 is facially unconstitutional because it is unduly vague, fails to establish determinate guidelines for law enforcement, and is not sufficiently definite to avoid chilling protected expression, speech, or worship in violation of the First and Fourteenth Amendments to the United States Constitution.[1]

Pretrial habeas, followed by an interlocutory appeal, is an "extraordinary remedy," and appellate courts should be careful to ensure that it is not "misused to secure pretrial appellate review of matters that in actual fact should not be put before appellate courts at the pretrial stage." *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010); *Ex Parte Barnett*, 424 S.W.3d 809, 810 (Tex. App. —Waco 2014, no pet.). Whether a claim is even cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved. *Ex parte Ellis*, 309 S.W.3d at 79; *Ex Parte Barnett*, 424 S.W.3d at 810.

Pretrial habeas is not available to test the sufficiency of the charging instrument or to construe the meaning and application of the statute defining the offense charged. *Ex*

---

[1] We note that the merits of Urbanski's claim was addressed in *Bader v. State*, 15 S.W.3d 599 (Tex. App. — Austin 2000, pet. ref'd). In *Bader v. State*, the court of appeals held that the Texas criminal trespass statute is not unconstitutional on its face. *Bader v. State*, 15 S.W.3d at 606. Because we address the procedure rather than the merits, we do not reach the issue on its merits in this appeal.

*parte Ellis*, 309 S.W.3d at 79. Pretrial habeas can be used to bring a facial challenge to the constitutionality of the statute that defines the offense, but may not be used to advance an "as applied" challenge. *Id.*

Generally, a claim is cognizable in a pretrial writ of habeas corpus if, resolved in the defendant's favor, it would deprive the trial court of the power to proceed and result in the appellant's immediate release. *Ex parte Smith*, 185 S.W.3d 887, 892 (Tex. Crim. App. 2006); *Ex Parte Barnett*, 424 S.W.3d at 810. When an applicant contends that a criminal statute is facially unconstitutional, he is contending that there is no valid statute and that the charging instrument is therefore void. *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001).

> Section 30.05 of the Texas Penal Code provides that:
> (a) A person commits an offense if the person enters or remains on or in property of another, including residential land, agricultural land, a recreational vehicle park, a building, or an aircraft, or other vehicle, without effective consent and the person:
> (1) had notice that entry was forbidden; or
> (2) received notice to depart but failed to do so.

TEX. PENAL CODE ANN. § 30.05 (a) (West 2019). Urbanski argues that the statute is facially unconstitutional, but such an assertion is not, by itself, enough. *See Ex parte Ellis*, 309 S.W.3d at 80. If a claim designated as a facial challenge is in fact an "as applied" challenge, this Court will not consider the merits of the claim. *Id.*

Urbanski begins with a statement of facts[2] stating that "[o]rdinarily a recitation of the facts of a case do not apply when a statute is being facially challenged. However, as will be shown in argument, the facts of [Urbanski's] case are necessary to show the Court how the criminal trespass statute can be used to sweep up and chill protected free speech." The statement that the facts are necessary to show how the statute can be unconstitutional suggests that the argument is an "as applied" argument rather than a facial challenge.

Urbanski contends that the criminal trespass statute is vague and overbroad and does not establish determinate guidelines for law enforcement. In making his arguments, Urbanski references other statutes that provide defenses for when the conduct involves speech while noting that Section 30.05 does not provide such defenses. His argument is not that the statute is invalid, but rather that in its application it should provide a defense. Urbanski provides other factual scenarios in making his argument that the criminal trespass statute can be used to sweep up and chill protected free speech. Urbanski's various fact situations present an "as applied" challenge to the statute. Because Urbanski's complaints all concern the statute "as applied," we cannot address the complaints in an interlocutory appeal from a pretrial writ of habeas corpus. *See Ex parte Weise*, 55 S.W.3d at 619. We overrule his first and second issues on appeal.

---

[2] Although Urbanski refers to a "Statement of Facts" in his brief, it is not an actual statement of facts. There was no evidentiary hearing or exhibits admitted upon which to make a statement of facts.

We affirm the trial court's order denying the pretrial writ of habeas corpus.


JOHN E. NEILL
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Affirmed
Opinion delivered and filed November 13, 2019
Do not publish
[CR25]

