

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00177-CR

## EX PARTE COLTEN ADAM

**From the 85th District Court
Brazos County, Texas
Trial Court No. 16-03532-CRF-85**

## MEMORANDUM OPINION

Appellant, Colten Adam, was charged with unlawful possession of a controlled substance—tetrahydrocannabinol ("THC")—in an amount of one gram or more but less than four grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.116(c) (West 2017). Adam filed a pretrial application for writ of habeas corpus, arguing that sections 481.103, 481.113 and 481.116 of the Texas Health and Safety Code are unconstitutional on their face. *See id.* §§ 481.103, .113, .116 (West 2017). Adam appeals from the trial court's order denying relief. We affirm.

# I.   ANALYSIS

In his sole issue on appeal, Adam argues that the trial court abused its discretion by denying his pretrial application for writ of habeas corpus because the blanket ban of THC is not rationally related to any legitimate government purpose, the disparity in punishment between THC and plant-form marihuana violates the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, and because the ban on THC violates the Dormant Commerce Clause and the fundamental right to travel for United States citizens using marihuana for medical purposes.

## a.   Cognizable Claims in a Pretrial Writ of Habeas Corpus

Pretrial habeas is an "extraordinary remedy" used to challenge the legality of one's restraint, and appellate courts should be careful to ensure that it is not "misused to secure pretrial appellate review of matters that in actual fact should not be put before appellate courts at the pretrial stage." *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010); *see Ex parte Barnett*, 424 S.W.3d 809, 810 (Tex. App.—Waco 2014, no pet.). Whether a claim is even cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved. *See Ex parte Ellis*, 309 S.W.3d at 79; *see also Ex parte Barnett*, 424 S.W.3d at 810. When determining whether an issue is cognizable by pretrial habeas, courts consider a variety of factors, including whether the rights underlying the claims would be effectively undermined if not vindicated before trial and whether the alleged defect would bring into question the trial court's power to proceed.

*Ex parte Perry*, 483 S.W.3d 884, 895-96 (Tex. Crim. App. 2016); *see Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001). "Neither a trial court nor an appellate court should entertain an application for writ of habeas corpus when there is an adequate remedy by appeal." *Ex parte Weise*, 55 S.W.3d at 619; *see Ex parte Carter*, 514 S.W.3d 776, 785 (Tex. App.—Austin 2017, pet. ref'd).

Pretrial habeas is not available to test the sufficiency of the charging instrument or to construe the meaning and application of the statute defining the offense charged. *Ex parte Ellis*, 309 S.W.3d at 79. Pretrial habeas can be used to bring a facial challenge to the constitutionality of the statute that defines the offense, but may not be used to advance an "as applied" challenge. *Id.*

Generally, a claim is cognizable in a pretrial writ of habeas corpus if, resolved in the defendant's favor, it would deprive the trial court of the power to proceed and result in the applicant's immediate release. *Ex parte Smith*, 185 S.W.3d 887, 892 (Tex. Crim. App. 2006); *see Ex parte Barnett*, 424 S.W.3d at 810. When an applicant contends that a criminal statute is facially unconstitutional, he is contending that there is no valid statute and that the charging instrument is therefore void. *Ex parte Weise*, 55 S.W.3d at 620.

**b.      Adam's Challenge to Section 481.113 of the Texas Health and Safety Code**

At the outset, we note that the indictment in this case shows that Adam was charged only with unlawful possession of a controlled substance under section 481.116 of the Texas Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.116.

There is nothing in the record demonstrating that Adam was charged by indictment with manufacturing or delivering a controlled substance under section 481.113 of the Texas Health and Safety Code. *See id.* § 481.113. The alleged unconstitutionality of section 481.113 of the Texas Health and Safety Code does not render the charging instrument against Adam—based on a violation of section 481.116 of the Texas Health and Safety Code—void. As such, a ruling in Adam's favor would not result in his release from the restraint imposed by the pending charge of unlawful possession of a Penalty Group 2 controlled substance under section 481.116 of the Texas Health and Safety Code. *See Ex parte Weise*, 55 S.W.3d at 620; *Ex parte Barnett*, 424 S.W.3d at 810; *see also Ex parte Taylor*, No. 03-16-00689-CR, 2017 Tex. App. LEXIS 10008, at *9 (Tex. App.—Austin Oct. 26, 2017, pet. ref'd) (mem. op., not designated for publication) ("The alleged unconstitutionality of Penal Code section 21.16(c) does not render the charging instrument against appellant— based on violations of Penal Code section 43.26(a)—void. Thus, a ruling in appellant's favor would not result in his release from the restraint imposed by the pending charges of possession of child pornography."). Therefore, we do not review the issue as it relates to section 481.113 of the Texas Health and Safety Code.

**c. Adam's Challenge to Sections 481.103 and 481.116 of the Texas Health and Safety Code**

With regard to Adam's challenges to section 481.103 and 481.116 of the Texas Health and Safety Code, we note that section 481.103 is the listing of Penalty Group 2 substances, which includes THC, and section 481.116 criminalizes the possession of

controlled substances, including those contained in Penalty Group 2. *See* TEX. HEALTH &

SAFETY CODE ANN. §§ 481.103, .116. Therefore, it appears that the true focus of Adam's

complaints is on section 481.116 of the Texas Health and Safety Code.

**1.      Applicable Law**

We review a trial court's ruling on a pretrial writ of habeas corpus for an abuse of

discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *see Ex parte Arango*,

518 S.W.3d 916, 923 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). In conducting this

review, we view the facts in the light most favorable to the trial court's ruling. *See Kniatt*,

206 S.W.3d at 664; *see also Ex parte Arango*, 518 S.W.3d at 924.

To prevail on a facial challenge, a party must establish that the statute always

operates unconstitutionally in all possible circumstances. *State v. Rosseau*, 396 S.W.3d 550,

557 (Tex. Crim. App. 2013). A facial challenge to a statute is the most difficult challenge

to mount successfully because the challenger must establish that no set of circumstances

exists under which the statute will be valid. *Santikos v. State*, 836 S.W.2d 631, 633 (Tex.

Crim. App. 1992).

Whether a statute is facially unconstitutional is a question of law that we review

de novo. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). When the constitutionality

of a statute is attacked, we begin with the presumption that the statute is valid and that

the legislature has not acted unreasonably or arbitrarily. *Id.* at 14-15. The burden

normally rests upon the person challenging the statute to establish its unconstitutionality.

*Id.* at 15. In the absence of contrary evidence, we will presume the legislature acted in a constitutionally-sound fashion. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002).

### 2. The Rational-Basis Test

In a substantive due-process analysis, we determine whether the claimant had a protected liberty interest, and if so, whether the government deprived him of such interest arbitrarily and capriciously. *See Ex parte Morales*, 212 S.W.3d 483, 493-94 (Tex. App.—Austin 2006, pet. ref'd); *Scott v. State*, 36 S.W.3d 240, 241 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd); *see also Ex parte Kinnett*, No. AP-75,611, 2008 Tex. Crim. App. Unpub. LEXIS 122, at **7-8 (Tex. Crim. App. Feb. 13, 2008) (not designated for publication). If a fundamental right is not implicated, substantive due process requires only a rational relationship between a legitimate state interest and the statute. *See Ex parte Morales*, 212 S.W.3d at 493-94; *Scott*, 36 S.W.3d at 241; *see also Ex parte Kinnett*, 2008 Tex. Crim. App. Unpub. LEXIS 122, at **7-8.

Both parties agree that the rational-basis test applies in this matter. On appeal, Adam asserts that the blanket ban of THC is not rationally related to any legitimate government purpose. We disagree. The State has a legitimate interest in regulating drug possession for the health and welfare of its citizens. *See* 21 U.S.C. § 801(2) (noting that, with respect to the Uniform Controlled Substances Act, "[t]he illegal importation, manufacture, distribution, and possession and improper use of controlled substances

have a substantial and detrimental effect on the health and general welfare of the American people"); *Daniels v. State*, 754 S.W.2d 214, 220 (Tex. Crim. App. 1988) (noting that the Texas Controlled Substances Act is derived from the Uniform Controlled Substances Act); *Ingram v. State*, 124 S.W.3d 672, 677 (Tex. App.—Eastland 2003, no pet.) ("Protection of the public health, safety, morals, or some other phase of the general welfare is a legitimate state interest." (citation omitted)); *see also Ex parte Kinnett*, 2008 Tex. Crim. App. Unpub. LEXIS 122, at *11 ("The state has an interest in deterring and punishing possession and manufacture of illegal drugs . . . .").

Indeed, as highlighted by the testimony of Kenneth Lester Malamud, M.D., Adam's witness at the hearing on his pretrial habeas, there are many risks associated with ingesting THC, which includes harmful byproducts from smoking marihuana (the creation of benzyne, toluene, and carbon monoxide—"all bad things"); illnesses associated with marihuana use (cannabis hyperemesis syndrome that results in an emergency-room visit for being "very, very nauseated and continues the nausea and vomiting"); psychosis that could result from marihuana use; side effects of marihuana use (dizziness, altered body movements, altering of the senses, and numbness); the fact that commercially-available marihuana is more concentrated that thirty years ago; and that THC ingestion could result in hallucinations.[1] Dr. Malamud also admitted that the

---

[1] Dr. Malamud explained that THC is contained in marihuana and that extracted THC is more potent than that found in plant form.

process for extracting THC from marihuana plants using butane can be dangerous, resulting in someone "wind[ing] up in flames." The dangers outlined by Dr. Malamud demonstrate the legitimacy of the State's interest in regulating THC for the health and welfare of its citizens. *See Estes v. State*, 546 S.W.3d 691, 698 (Tex. Crim. App. 2018) ("Above all, a court should spurn any attempt to turn rational-basis review into a debate over the wisdom, eloquence, or efficacy of the law in question. As its name would suggest, rational-basis review should focus solely on the rationality of the law or state action. Should we determine that the State has invoked a legitimate governmental purpose and, in enforcing its law, has charted a course that is rationally related to it, our inquiry is at an end." (internal citations & quotations omitted)). We therefore conclude that section 481.116, which criminalizes possession of controlled substances, bears a rational relationship to the legitimate State interest of deterring and punishing possession of illegal drugs for the health, safety, and general welfare of the citizens of this State. *See Ingram*, 124 S.W.3d at 677; *see also Ex parte Kinnett*, 2008 Tex. Crim. App. Unpub. LEXIS 122, at *11.

**3.  Due Process and the Fifth and Fourteenth Amendments to the United States Constitution**

Next, Adam argues that the Texas Controlled Substances Act violates due process under the Fifth and Fourteenth Amendments to the United States Constitution. In making this argument, Adam compares THC to marihuana and complains about disparities in punishment related to possession of THC, marihuana, and cannabis-related

products. Adam admits in his brief, and Dr. Malamud acknowledges, that each of the aforementioned products have different potencies. THC is the most potent. Again, as Dr. Malamud acknowledged, along with stronger potency of THC comes more severe dangers, consequences, and side effects. This accounts for differences in punishment regarding possession of the different products. Regardless, as mentioned earlier, the State has a legitimate interest in deterring and punishing possession and manufacture of illegal drugs for the health, safety, and general welfare of the citizens of this State. *See Ingram*, 124 S.W.3d at 677; *see also Ex parte Kinnett*, 2008 Tex. Crim. App. Unpub. LEXIS 122, at *11. And because of the varying potencies of the aforementioned products, we conclude that the Legislature had a rational basis for proscribing different penalties.

**4.      The Dormant Commerce Clause and a Person's Right to Travel**

Finally, Adam asserts that the Texas Controlled Substances Act violates the Dormant Commerce Clause and a person's right to travel for citizens using medical marihuana. At the outset, we note that Adam's entire discussion on this point centers on medical marihuana, which is not at issue in this case. *See Shaffer v. State*, 184 S.W.3d 353, 364 (Tex. App.—Fort Worth 2006, pet. ref'd) (noting that, even in a facial challenge to a statute, "[b]ecause a statute may be valid as applied to one set of facts and invalid as applied to another, it is incumbent upon the appellant to first show that in its operation the statute is unconstitutional as to him in his situation; that it may be unconstitutional as to others is not sufficient." (citing *Santikos*, 836 S.W.2d at 633; *Fluellen v. State*, 104

S.W.3d 152, 167 (Tex. App.—Texarkana 2003, no pet.))). Because there are no allegations that Adam is being prosecuted in this case for using medical marihuana, we cannot say that Adam has shown that, in its operation, the complained-of statute is unconstitutional as to him. *See id.* Simply relying on the fact that the statute may be unconstitutional as to others is not sufficient. *See id.* Therefore, given the above, we conclude that Adam lacks standing to argue that the Texas Controlled Substances Act would be unconstitutional if applied to third parties in hypothetical situations, such as those traveling across state lines with medical marihuana. *See id.*; *see also Santikos*, 836 S.W.2d at 633.

Based on the foregoing, we hold that Adam's facial constitutional challenge to section 481.116 of the Texas Health and Safety Code fails because he cannot overcome the presumption that the statute is valid; that the legislature acted reasonably; and that no set of circumstances exists under which the statute will be valid. *See Ex parte Lo*, 424 S.W.3d at 14-15; *see also Santikos*, 836 S.W.2d at 633. Accordingly, viewing the facts in the light most favorable to the trial court's ruling, we cannot say that the trial court abused its discretion by denying Adam's pretrial writ of habeas corpus. *See Kniatt*, 206 S.W.3d at 664; *see also Ex parte Arango*, 518 S.W.3d at 923. We overrule Adam's sole issue on appeal.

## II.    CONCLUSION

We affirm the trial court's order denying Adam's pretrial writ of habeas corpus.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Affirmed
Opinion delivered and filed March 18, 2020
Do not publish
[CR25]

