

# IN THE
# TENTH COURT OF APPEALS

## No. 10-22-00162-CR

## EX PARTE NICHOLAS OWEN THOMPSON

**From the County Court at Law
Hill County, Texas
Trial Court No. M0255-21**

## MEMORANDUM OPINION

Appellant Nicholas Owen Thompson appeals the trial court's denial of his writ of habeas corpus. We will affirm.

### Background

The underlying facts are not disputed. Thompson was arrested in Hill County for the Class A misdemeanor offense of resisting arrest. The trial court signed an order to have Thompson examined for competency. After a hearing, the trial court signed an order of initial commitment pursuant to Article 46B.073. TEX. CODE CRIM. PROC. ANN. art. 46B.073. The trial court specifically found that Thompson was "a danger to himself or others and cannot be safely treated on an outpatient basis." The commitment order directed Thompson to be confined at a mental health facility or residential care facility

determined to be appropriate by the Texas Health and Human Services Commission (HHSC). The commitment order further directed the Sheriff of Hill County, where Thompson was incarcerated, to place Thompson on the HHSC Forensic Admission Clearinghouse list to determine placement in an available facility and to deliver Thompson to said facility when designated by the HHSC.

Approximately nine months after Thompson's initial incarceration, he filed a petition for a writ of habeas corpus seeking his immediate release from custody or, alternatively, an order directing the Hill County Sheriff to transfer Thompson to a suitable mental health facility within seventy-two hours. After a hearing, the trial court denied the habeas petition.

Testimony at the habeas hearing reflected that Thompson has been kept in solitary confinement in the Hill County Jail while awaiting designation to an appropriate mental health care facility, that Hill County does not have a jail-based competency restoration program, that the anticipated wait time for admittance to an appropriate mental health care facility was over six hundred days, and that Thompson's mental state has continued to deteriorate. The testimony additionally revealed that Thompson has been non-compliant in taking the medication he has been prescribed and that there is a warrant for Thompson from the Austin Police Department for the first degree felony offense of aggravated robbery with a deadly weapon.

**Issue One**

Thompson argues that the trial court abused its discretion in denying his habeas petition because he is unlawfully restrained and is entitled to immediate release.

Thompson asserts that "an incompetent defendant's right to due process is violated if competency restoration services do not commence within a reasonable period after the trial court commits him to receive such services." Thompson argues that Chapter 46B mandates "prompt" transportation to a mental health care facility, but he does not challenge a specific statute as unconstitutional.[1] The relief Thompson seeks is reversal of the trial court's order denying habeas relief and immediate release from custody with conditions of bail.

AUTHORITY

We generally review a ruling on a pre-trial habeas petition for an abuse of discretion. *See Ex parte Wheeler*, 203 S.W.3d 317, 326 (Tex. Crim. App. 2006); *Ex parte Powell*, 570 S.W.3d 417, 419 (Tex. App.—Waco 2019, no pet.). However, when the resolution of an ultimate question turns on an application of legal standards, we review the trial court's ruling de novo. *Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999); *Powell*, 570 S.W.3d at 419.

The Texas legislature has codified procedures for determining competency to assure that incompetent defendants do not stand trial. TEX. CODE CRIM. PROC. ANN. ch. 46B; *Boyett v. State*, 545 S.W.3d 556, 563 (Tex. Crim. App. 2018).

> Under article 46B.071, once a defendant is found incompetent to stand trial, the trial court has two options aimed at restoring the defendant's competency. *Id.* art. 46B.071 (options on determination of incompetency). Absent a determination that the defendant is unlikely to be restored to competency in the foreseeable future, the court must either (1) commit the

---

[1] Thompson asserts a violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. He does not raise such a claim under the Due Course of Law provision of the Texas Constitution. *See* U.S. CONST. amend. XIV, § 1; TEX. CONST. art I, § 19.

defendant to a mental health facility or residential care facility for treatment aimed at restoring the defendant's competency, or (2) release (or continue the release of) the defendant on bail, subject to the defendant's participation in an outpatient treatment facility for purposes of restoring competency. *Id*. However, release with outpatient treatment is an option only if the court first determines that the defendant "is not a danger to others and may be safely treated on an outpatient basis." *Id*. art. 46B.072 (release on bail). Otherwise, the trial court must commit the defendant to a mental health facility or residential care facility for examination and treatment for the purpose of restoring the defendant's competency to stand trial. *Id*. art. 46B.073.

*Lakey v. Taylor*, 435 S.W.3d 309, 313 (Tex. App.—Austin 2014, no pet.) (footnotes omitted).

The objective of the treatment is to allow the incompetent defendant to regain his competency to stand trial. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.073. If, after treatment, it is determined that a defendant is unable to be restored to competency and the charges against him are not dismissed, the State may seek to have the defendant civilly committed under Subchapter E.

A trial court's pre-trial ruling on a defendant's competence to stand trial is not appealable. *Id*. art. 46B.011. In certain circumstances, a defendant may challenge such a pre-trial ruling through a petition for a writ of habeas corpus. However, a pre-trial habeas, followed by an interlocutory appeal, is an "extraordinary remedy," and appellate courts should be careful to ensure that it is not "misused to secure pretrial appellate review of matters that in actual fact should not be put before appellate courts at the pretrial stage." *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) (quoting *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010)); *Ex parte Barnett*, 424 S.W.3d 809, 810 (Tex. App.—Waco 2014, no pet.). In general, habeas relief is only available for "jurisdictional defects and violations of constitutional and fundamental rights." *Ex parte*

*Johnson*, 541 S.W.3d 827, 829 (Tex. Crim. App. 2017) (quoting *Ex parte Moss*, 446 S.W.3d 786, 788 (Tex. Crim. App. 2014)). "[A]bsent statutory direction to the contrary, . . . habeas relief is not available for mere statutory violations." *Johnson*, 541 S.W.3d at 829 (footnotes omitted).

We determine, as a threshold matter, whether the issues raised in the habeas petition should be addressed prior to determining whether the merits of the claim should be resolved. *Ellis*, 309 S.W.3d at 79; *Barnett*, 424 S.W.3d at 810. Generally, a claim is cognizable in a pretrial habeas petition if the granting of such a petition would deprive the trial court of the power to proceed and result in the habeas petitioner's immediate release, such as if the courts determine that the statute under which a defendant is being held is unconstitutional. *Ex parte Smith*, 185 S.W.3d 887, 892 (Tex. Crim. App. 2006); *Barnett*, 424 S.W.3d at 810. Pretrial habeas relief is reserved for those cases which, if resolved in the petitioner's favor, *must* result in the petitioner's immediate release. *Ex parte Walsh*, 530 S.W.3d 774, 778 (Tex. App.—Fort Worth, 2017, no pet.) (emphasis added).

The courts decide constitutional questions when the issues raised cannot be resolved on nonconstitutional grounds. *Phillips v. McNeill*, 635 S.W.3d 620, 630 (Tex. 2021); *see also Jimenez v. State*, 32 S.W.3d 233, 239 n.23 (Tex. Crim. App. 2000) ("[C]onstitutional issues should not be addressed if the case can be resolved on nonconstitutional grounds."). "This rule is not optional." *Phillips*, 635 S.W.3d at 630. "When an appellate court can provide the appealing party with complete relief on nonconstitutional grounds, it must do so." *Id.*; *see also Jean v. Nelson*, 472 U.S. 846, 854, 105 S.Ct. 2992, 2997, 86 L.Ed.2d 664 (1985); *VanDevender v. Woods*, 222 S.W.3d 430, 432-33

(Tex. 2007). This doctrine of judicial restraint also precludes the courts from expanding constitutional issues beyond what is raised. *See Estes v. State*, 546 S.W.3d 691, 696-97 (Tex. Crim. App. 2018).

Applying judicial restraint, a substantive due process analysis begins with a careful description of the asserted right as the courts are required to exercise the utmost care whenever asked to "break new ground in this field." *Reno v. Flores*, 507 U.S. 292, 302, 113 S.Ct. 1439, 1447, 123 L.Ed.2d 1 (1993) (quoting *Collins v. Harker Heights*, 503 U.S. 115, 125, 112 S.Ct. 1061, 1068, 117 L.Ed.2d 261 (1992)). Substantive due process protects those liberty interests that are "objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Washington v. Glucksberg*, 521 U.S. 702, 720-21, 117 S.Ct. 2258, 2268, 138 L.Ed.2d 772 (1997). A liberty interest may arise from the Constitution itself or from an "expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393, 162 L.Ed.2d 174 (2005).

The Due Process Clause does not allow a criminal defendant who is incompetent to be put to trial. *Cooper v. Oklahoma*, 517 U.S. 348, 354, 116 S.Ct. 1373, 1376, 134 L.Ed.2d 498 (1996); *see also Turner v. State*, 422 S.W.3d 676, 688 (Tex. Crim. App. 2013). This right must be weighed against the State's interest in bringing a criminal defendant accused of a serious crime to trial and in attempting treatments aimed at restoring the defendant's competency. *See generally Sell v. United States*, 539 U.S. 166, 179-80, 123 S.Ct. 2174, 2184, 156 L.Ed.2d 197 (2003); *see also Bell v. Wolfish*, 441 U.S. 520, 534, 99 S.Ct. 1861, 1871, 60 L.Ed.2d 447 (1979) ("[T]he Government has a substantial interest in ensuring that persons

accused of crime are available for trials and, ultimately, for service of their sentence, [and] that confinement of such persons pending trial is a legitimate means of furthering that interest."). However, a state is under no affirmative obligation to protect its citizens from private harm or to provide substantive services to them, including medical or mental health treatment, except in the case of incarcerated individuals when the deprivation of such services rises to the level of "cruel and unusual punishment." *See DeShaney v. Winnebago Cty. Dep't of Soc. Servs*, 489 U.S. 189, 195-98, 109 S.Ct. 998, 1003-05, 103 L.Ed.2d 249 (1989); *see also Youngberg v. Romeo*, 457 U.S. 307, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982).

DISCUSSION

Thompson's claims are not cognizable on appeal as his success would not deprive the trial court of jurisdiction nor require his immediate release. Under Article 46B.012, a finding that an individual is not in compliance with Chapter 46B does not entitle a defendant to dismissal of charges and immediate release. TEX. CRIM. PROC. ANN. art. 46B.012. Neither this statute, nor any other section of Chapter 46B, create a substantive right that impacts Thompson's liberty interests. *See Ex parte Seidel*, 39 S.W.3d 221, 224 (Tex. Crim. App. 2001). Defining Thompson's claim in the narrowest fashion, he is asserting a fundamental due process right to being transferred to a mental health facility within a "reasonable" time. No such fundamental right exists in the United States Constitution, nor has the United States Supreme Court identified such a fundamental right. At most, Article 46B creates a procedural right to be released from custody if certain circumstances exist. Those circumstances are not present in this case. Thompson is not entitled to release on bail due to the trial court's determination that he is a danger to

himself or others and that outpatient treatment is not appropriate. Thompson does not challenge the validity of the trial court's commitment order.

Even assuming that Thompson would be entitled to release, he has failed to establish that his continued incarceration while awaiting assignment to an appropriate mental health facility is a violation of his rights under the Due Process Clause. While Thompson relies on the Austin Court of Appeals' opinion in *Lakey*, the plaintiffs in that case did "not argue that committed detainees are constitutionally entitled to a particular amount, degree, *or speed* of competency-restoration treatment based on the Department's expressed willingness or statutory duty to provide treatment." *Lakey*, 435 S.W.3d at 318 (emphasis added). In *Lakey*, a direct appeal from a civil suit for declaratory and injunctive relief, the court further noted, "We are not asked to decide whether the constitutional rights of any individual plaintiff have been violated by a delay between the criminal court's declaration of incompetence and the committed detainee's transfer to a mental facility for competency restoration. Nor are we asked to decide whether a particular amount of delay is unconstitutional." *Id*. at 316. Additionally, *Lakey* involves a challenge to the due course of law provision of the Texas Constitution rather than the Due Process Clause of the United States Constitution. While the Due Process Clause and the due course of law provision are treated similarly, they are not identical. *See Honors Acad., Inc. v. Tex. Educ. Agency*, 555 S.W.3d 54, 61 (Tex. 2018). To the extent that *Lakey* identifies a new liberty interest under the Due Process Clause, we decline to adopt such a finding.

Thompson's case is more akin to that presented in *Ex parte McVade*, Nos. 03-17-00207-CR, 03-17-00208-CR, 03-17-00209-CR, 2017 WL 4348151, at *3 (Tex. App.—Austin

2017, no pet.) (mem. op., not designated for publication), wherein the habeas petitioner requested release on the ground that his pre-trial confinement while awaiting transfer to a mental health facility for competency restoration treatment violated his due process rights. As in *McVade*, Thompson does not challenge the validity of the commitment order, the trial court's compliance with the applicable statutory procedures, or the statutory provisions under which he was taken into custody and is being confined. Thompson has, therefore, failed to establish that he is entitled to immediate release or that his rights under the Due Process Clause have been violated.

In light of the foregoing, Thompson's claim is not cognizable in a habeas petition, and his sole issue is overruled.

## Conclusion

Having overruled Thompson's sole issue, we affirm the trial court's order denying Thompson's petition for a writ of habeas corpus.

MATT JOHNSON
Justice

Before Chief Justice Gray,*
    Justice Johnson, and
    Justice Smith
Affirmed
*(Chief Justice Gray concurs in the result.
A separate opinion will not issue.)
Opinion entered and filed October 5, 2022
[CR25]
Do not publish

